UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION** at **LEXINGTON**

| | |
|---|---|
| STEPHEN ANDREW ELZEY, | |
| Plaintiff, | Civil Action No. 09-CV-161-JMH |
| v. | |
| LARRY ROBERTS, ET AL., | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Stephen Andrew Elzey ("Elzey") has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. [R. 2] The Court has granted his motion to proceed *in forma pauperis* by separate Order.

The Court screens civil rights complaints pursuant to 28 U.S.C. § 1915(e)(2). *McGore v. Wrigglesworth*, 114 F.3d 601, 607 08 (6th Cir. 1997). As Elzey is appearing *pro se*, his complaint is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his complaint are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court must dismiss a case at any time if it determines the action (a) is frivolous or malicious; (b) fails to state a claim upon which relief can be granted; or (c) seeks damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

**I.   Background**

In his Complaint, Elzey alleges that in August and September 2008, he was "unlawfully held" at Eastern State Hospital.  Elzey further alleges that the attorney from Legal Aid of the Bluegrass (1) did not consult with him prior to a court hearing; and (2) concealed the contents of certain documents from him.  Elzey alleges that County Attorney Larry Roberts (1) "failed to make reasonable inquiry into whether the statements of mental health professionals [were] accurate and candid"; (2) recommended that Elzey be placed in Eastern State Hospital despite several factors which Elzey contends did not make it the best choice for him; and (3) broke an agreement with his private counsel to release him from confinement upon a date certain if he complied with his treatment plan.  Elzey alleges that Jim Alexander, the trial commissioner at the commitment hearing, (1) was a friend of Elzey's stepfather and should have recused himself; and (2) was not fit to judge the case because Alexander suffered from alcoholism.  Elzey further contends both that Alexander died prior to the institution of this action and that, upon information and belief, Alexander "is in protective custody."

As a result of these actions, Elzey contends that Roberts and Legal Aid of the Bluegrass violated his civil rights by committing malpractice and that they are unfit to practice law.  Elzey further contends that all defendants were aware the Eastern State Hospital was not the best choice for him in light of its treatment practices, and that all defendants were aware that placing him in

a mental health institution would stigmatize him to his detriment and in violation of his constitutional rights.  Elzey seeks $500 million in damages, entry of an injunction against the defendants from ever taking any legal action against him, a disciplinary referral for Roberts and Legal Aid to the Kentucky Bar Association, and an order changing his name to one of his choosing.

## II.  Discussion

The Eleventh Amendment to the Constitution of the United States, which prohibits "any suit in law or equity .. against one of the United States, ... by Citizens," bars any action under Section 1983 against the Commonwealth of Kentucky.  *See Howard v. Commonwealth of Virginia*, 2001 WL 278535, \*\* 4 (6th Cir. 2001) ("Under the Eleventh Amendment, a state and its agencies are immune from an action for damages and injunctive relief unless immunity is validly abrogated by Congress or expressly waived by a state.") (*citing Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 54-55 (1996)). Elzey's claim against the Commonwealth of Kentucky is therefore barred by the Eleventh Amendment.

As a general matter, judges are absolutely immune from suit for money damages, including claims that their actions taken during the course of judicial proceedings constituted a violation of the plaintiff's civil rights under Section 1983.  *Ireland v. Tunis*, 113 F.3d 1435, 1440 (6th Cir. 1997).  This immunity is extended to prosecutors, at least with respect to actions taken that are "intimately associated" with the judicial process.  *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976).

These general rules have been applied in the context of civil commitment proceedings, and allegedly wrongful actions taken by the judge and prosecutor during those proceedings are barred by this immunity. *Kenney v. Fox*, 232 F.2d 288 (6th Cir. 1956), *cert. denied*, 352 U.S. 855 (1957); *see also Kendall v. True*, 391 F.Supp. 413 (W.D. Ky. 1975) (judge conducting civil commitment hearings pursuant to KRS 202.060 and 202.100 is cloaked with judicial immunity barring claim for damages for his activities in connection therewith); *Sebastian v. U. S.*, 531 F.2d 900 (8th Cir. 1976) (prosecutor who prepared civil commitment petition was immune from suit for any civil rights deprivations arising out of commitment). Because all of the actions complained of by Elzey occurred during the course of such proceedings by the judge and prosecutor in their role as such, his claims against Roberts and Alexander are barred by absolute judicial immunity and quasi-judicial prosecutorial immunity.

Legal Aid of the Bluegrass, or perhaps more appropriately the attorney from Legal Aid who appeared on Elzey's behalf, is not entitled to such immunity.  However, because that attorney is neither a public employee nor acted at the behest of the state government, she did not act "under color of state law" as required for liability to attach under Section 1983. *Kenney v. Hatfield*, 132 F.Supp. 814, 817 (D. Mich. 1955) (private attorney in civil commitment proceeding is not acting under color of state law for purposes of Section 1983); *Daniel v. Safir*, 135 F.Supp.2d 367, 370 (E.D.N.Y. 2001) (Legal Aid Society attorney who obtained

psychological examination of defendant in defense of criminal harassment proceeding was not acting under color of state law). Elzey's claim against Legal Aid of the Bluegrass therefore fails as a matter of law and must be dismissed.

### III. Conclusion

Accordingly, it is **ORDERED** that:

1.  Elzey's Complaint [R. 2] is **DISMISSED WITH PREJUDICE**.

2.  The Court will enter an appropriate judgment.

This the 18th day of May, 2009.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge